IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| KEVIN ANANTHASANE, | : |
| Plaintiff, | : Civil Action File No. |
| v. | : Jury Trial Demand |
| McKESSON MEDICAL-SURGICAL INC., | : |
| Defendant. | : |

## COMPLAINT

**COMES NOW** Plaintiff, Kevin Ananthasane (Plaintiff"), by and through counsel undersigned, and hereby submits this Complaint against Defendant, McKesson Medical-Surgical Inc. ("Defendant"), and shows the Court, as follows:

### Authority

**1.**

This cause of action arises under the provisions of the Americans with Disabilities Act, 42 U.S.C. §§ 12101, *et seq.* ("ADA"), seeking a remedy for disability-based discrimination in employment and retaliation; and the Family and

-1-

Medical Leave Act of 1993 ("FMLA"), seeking a remedy for FMLA-based discrimination and retaliation.

**2.**

All jurisdictional prerequisites to the institution of Plaintiff's suit have been fulfilled. Plaintiff filed his initial Charge of Discrimination within 180 days of the discriminatory acts; Plaintiff was issued a Notice of Right to Sue from the EEOC; and, Plaintiff now files his Complaint within 90 days of receipt of the Notice. Plaintiff's Charge of Discrimination is attached hereto as **Exhibit A.**

## Parties, Jurisdiction and Venue

**3.**

Plaintiff is a resident of the State of Georgia and of the Northern District of Georgia.

**4.**

Defendant is a Foreign Profit Corporation, doing business in the State of Georgia. Defendant's principal office address is 9954 Mayland Drive, Suite 4000, Richmond, Virginia 23233. This Defendant may be served via its registered agent, Corporation Service Company, 2 Sun Court, Suite 400, Peachtree Corners, Georgia 30092.

**5.**

Jurisdiction and venue are proper in this Court.

**Factual Allegations**

**6.**

Plaintiff became employed by Defendant in 2016, delivering medical-surgical supplies for Defendant.

**7.**

In or about 2021, Plaintiff was required to work 10-12+ hour days, 4 days per week, often with no lunch break. Plaintiff began experiencing anxiety and depression, and requested leave, via FMLA.

**8.**

Plaintiff's psychiatrist, Shahzad M. Hashmi, M.D., completed a medical report which was requested by Matrix, Defendant's FMLA management company. In that Report, dated August 23, 2021, Dr. Hashmi stated that Plaintiff needed to work a reduced schedule for approximately 6 months, 08/05/2021 to 02/07/2022, i.e., no more than 8 hours per day, 4 days per week, and that anything more would exacerbate Plaintiff's conditions and symptoms of anxiety, paranoia, depression, headaches, irritability and psychosis.

**9.**

Subsequently, Defendant sent Plaintiff an inaccurate FMLA approval letter, dated August 27, 2021.  Eventually, Defendant sent Plaintiff an FMLA approval letter, dated December 9, 2021, approving the appropriate number of reduced hours, via intermittent FMLA, and continuing for a period of six months, as was prescribed by Plaintiff's physician.  Plaintiff's intermittent FMLA was to continue through 03/19/2022.

**10.**

Thereafter, due to financial necessity, Plaintiff did work more than 8 hours per day, from time to time, and as he was able to do so.

**11.**

On January 13, 2022, while Plaintiff remained on intermittent FMLA status, Plaintiff was terminated, via oral communication, by Ed Kozar, Defendant's Transportation Manager.

**12.**

Ed Kozar told Plaintiff that his termination was "due to your safety records." Plaintiff was not given any further explanation, nor was he given a letter or email regarding his termination - - nothing in writing.

## COUNT I
### (Disability-Based Discrimination – ADA and Retaliation)

**13.**

Plaintiff incorporates by reference, as though fully set forth herein, the allegations contained in the preceding Paragraphs.

**14.**

At all times relevant, Plaintiff was and is a qualified individual with a disability as defined in 42 U.S.C. § 12111(8), to wit: high anxiety, panic attacks, paranoia, depression, and irrational thoughts, all of which are exacerbated by working long hours.

**15.**

Plaintiff's condition constitutes a physical impairment that substantially limits one or more of Plaintiff's major life activities, or is a perceived disability within the meaning of the ADA.

**16.**

As a direct result of Defendant's disability-based discrimination and subsequent retaliation, Plaintiff lost earnings and continues to lose earnings, lost his substantial benefits, and incurred and continues to incur litigation costs and attorney's fees.

**17.**

The Defendant willfully, or with reckless indifference, violated the ADA by terminating Plaintiff while Plaintiff had requested a reasonable accommodation of intermittent leave.

## COUNT II
### (FMLA Discrimination - and Retaliation)

**18.**

Plaintiff incorporates by reference, as though fully set forth herein, the allegations contained in the preceding Paragraphs.

**19.**

Defendant discriminated against Plaintiff due to his ongoing, intermittent medical leave of absence, which was absolutely necessary, and was prescribed by his treating physician. While Plaintiff remained on intermittent FMLA status, Plaintiff was retaliated against by Defendant terminating him.

**20.**

As a direct result of Defendant's FMLA-based discrimination and subsequent retaliation, Plaintiff lost earnings and continues to lose earnings, lost his substantial benefits, and incurred and continues to incur litigation costs and attorney's fees.

**21.**

Defendant performed the above discriminatory actions willfully, wantonly, intentionally and in reckless and callous disregard of Plaintiff's federally-protected rights.

**WHEREFORE**, Plaintiff respectfully requests that this Court:

(a)   Take jurisdiction of this matter;

(b)   That Defendant be permanently enjoined from discriminating against Plaintiff on any basis forbidden by the ADA or the FMLA;

(c)   That Defendant be ordered to formulate, distribute and implement a written policy which does not discriminate in any manner which is a violation of the ADA or the FMLA;

(d)   That Defendant be ordered to rehire Plaintiff into his former position or a position substantially similar to that held prior to his demotion, with full salary, seniority, and benefits running from the date of termination;

(e)   That Defendant be ordered to compensate, reimburse, and make whole the Plaintiff for all the benefits he would have received had it not been for Defendant's illegal actions, including but not limited to pay, unpaid overtime, insurance benefits, costs, bonuses, raises, training, promotions, and seniority.

Plaintiff should be accorded these illegally withheld benefits from the date Plaintiff was terminated until the date Defendant tenders substantially equivalent employment, with interest, on the above withheld amounts to the date of payment;

(f)     That Plaintiff be awarded compensatory and punitive damages to compensate for the humiliation, pain, suffering and stigma associated with discrimination;

(g)     That Plaintiff recover costs and expenses of litigation including an award of reasonable attorney's fees.

(i)     That Plaintiff recover compensatory damages in an amount determined by the jury;

(j)     That Plaintiff recover prejudgment interest;

(k)     That a declaratory judgment be issued that the practices complained of are unlawful and void;

(l)     That the Court grant Plaintiff a trial by jury as to all matters properly triable to a jury; and

(m)     For such other and further relief as this Court deems just and proper.

## Jury Demand

Plaintiff herein demands a trial by jury of all issues in this action.

Dated this 16th day of September 2022.

                        **PANKEY & HORLOCK, LLC**

                        By:  */s/ Larry A. Pankey*
                              Larry A. Pankey
                              Georgia Bar No. 560725
                              ***Attorneys for Plaintiff***

1441 Dunwoody Village Parkway
Suite 200
Atlanta, Georgia 30338-4122
Telephone:  770-670-6250
Facsimile:   770-670-6249
LPankey@PankeyHorlock.com

## CERTIFICATION OF FONT SIZE

Pursuant to Local rule 5.1C of the Local Rules of the United States District Court for the Northern District of Georgia, I, Larry A. Pankey, Esq., of Pankey & Horlock, LLC, attorney for Plaintiff, Kevin Ananthasane, hereby certifies that the foregoing **Complaint** is typewritten in MS Word using Times New Roman font, fourteen (14) point type.

Dated this 16th day of September 2022.

> PANKEY & HORLOCK, LLC
>
> By: /s/ *Larry A. Pankey*
> Larry A. Pankey
> Georgia Bar No. 560725
> ***Attorneys for Plaintiff***

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| KEVIN ANANTHASANE, | : |
| | : |
| Plaintiff, | : Civil Action File No. |
| | : |
| v. | : |
| | : |
| McKESSON MEDICAL-SURGICAL INC., | : |
| | : |
| Defendant. | : |

## CERTIFICATE OF SERVICE

I hereby certify that on this day I electronically filed the foregoing **Complaint** with the Clerk of Court using the CM/ECF system.

Dated this 16th day of September 2022.

          **PANKEY & HORLOCK, LLC**

          By: /s/ *Larry A. Pankey*
            Larry A. Pankey
            Georgia Bar No. 560725
            ***Attorneys for Plaintiff***

1441 Dunwoody Village Parkway
Suite 200
Atlanta, Georgia 30338-4122
Telephone:  770-670-6250
Facsimile:  770-670-6249
LPankey@PankeyHorlock.com

# EXHIBIT A

**RECEIVED**

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION NOV 2022 | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. EEOC-ATL | ☐ FEPA  ☒ EEOC | 410-2022-04852 |

_____ and EEOC
*State or local Agency, if any*

| Name (Indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Mr. Kevin Ananthasane | (678) 478-3635 | |

| Street Address | City, State and ZIP Code |
|---|---|
| | Buford, Georgia |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two are named, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Incl. Area Code) |
|---|---|---|
| McKesson Medical-Surgical Inc. | Unknown | (855) 571-2100 |

| Street Address | City, State and ZIP Code |
|---|---|
| 9954 Mayland Drive - Suite 4000 | Richmond, Virginia 23233 |

| Name | No. Employees, Members | Phone No. (Incl. Area Code) |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

**DISCRIMINATION BASED ON** *(Check appropriate box(es).)*

☐ RACE    ☐ COLOR    ☐ SEX    ☐ RELIGION    ☐ NATIONAL ORIGIN
☒ RETALIATION    ☐ AGE    ☒ DISABILITY    ☐ GENETIC INFORMATION
☐ OTHER (Specify)

**DATE(S) DISCRIMINATION TOOK PLACE**
Earliest: Jan 13, 2022    Latest: Jan 13, 2022
☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

On or about 2021, I was being required to work 10-12+ hour days, 4 days per week, often with no lunch break. I began experiencing anxiety and depression, and requested leave via FMLA. My psychiatrist, Shahzad M. Hashmi, M.D., completed a medical report which was requested by Matrix, Mckesson's FMLA management company. In that Report, dated August 23, 2021, Dr. Hashmi stated that I needed to work a reduced schedule for approximately 6 months, 08/05/2021 to 02/07/2022, i.e., no more than 8 hours per day, 4 days per week, and that anything more would exacerbate my symptoms: anxiety, paranoia, depression, headaches, irritability and psychosis.

After sending me an inaccurate FMLA approval letter, dated August 27, 2021, Mckesson eventually sent me an FMLA approval letter, dated December 9, 2021, approving the appropriate weekly FMLA time, as prescribed by my doctor, effective from 09/20/2021 through 03/19/2022. I do not know why McKesson's effective dates differed from my doctor's effective dates.

Thereafter, due to financial necessity, I did work more than 8 hours per day, from time to time, and as I was able. For instance, my Earnings Statement for the two week pay period ending 01/08/2022, indicated that I worked 85 hours and 40 minutes.

On January 13, 2022, while I remained on FMLA status, I was terminated, via oral communication, by Ed Kozar, McKesson's Transportation Manager, who told me that my termination was "due to your safety records." I was not given any further explanation, nor was I given a letter or email regarding my termination -- nothing in writing.

I believe I have been discriminated against and retaliated against due to my disability, and/or my perceived disability, in violation of the Americans with Disabilities Act, 42 U.S.C. §§ 12101, et seq.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State or Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| 3-17-22    [signature]    GADL#057079431 | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE 03/18/2022  [notary signature] K Sagar  [notary seal: NOTARY PUBLIC, FULTON COUNTY, GEORGIA, Comm. Exp. Nov. 11, 2023] |